# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2010

Lyle W. Cayce
Clerk

No. 09-40697
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ROBERTO MENDEZ,

Defendant-Appellant

Consolidated with No. 09-40698

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS ROBERTO MENDEZ-URIZA,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 1:07-CR-556-1
USDC No. 1:09-CR-240-ALL

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Luis Roberto Mendez, a.k.a. Luis Roberto Mendez-Uriza, pleaded guilty to being unlawfully found in the United States after deportation and after having committed a felony. As a result of this offense, his supervised release for his prior conviction of transporting an illegal alien into the United States and of being unlawfully found in the United States after deportation was revoked. He was sentenced within the recommended guidelines range to 57 months of imprisonment for being unlawfully found in the United States and to six months of imprisonment on the revocation of his supervised release, to be served consecutively.

Mendez argues that his sentence was procedurally unreasonable because the district court did not provide adequate reasons for it. Because Mendez did not object concerning the district court's explanation of his sentence at sentencing, we review the issue for plain error only. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Mendez concedes that plain error is the proper standard of review, but he preserves for further review the issue whether plain error is the correct standard of review.

To show plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the defendant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Even if the district court's explanation was insufficient and therefore constituted clear or obvious error, Mendez concedes that he cannot show that an explanation of his within-guidelines sentence would have changed his sentence and thus affected his substantial rights. *See Mondragon-Santiago*, 564 F.3d at 364-65. Mendez contends that the district court's error affected his substantial rights because it prevented this court from conducting a thorough review of the substantive reasonableness of his sentence. However, as Mendez concedes, this

argument is foreclosed under *Mondragon-Santiago*. *See Mondragon-Santiago*, 564 F.3d at 365.

Mendez also argues that his aggregate sentence of 63 months of imprisonment was substantively unreasonable. Mendez preserved this issue by objecting in the district court as to his 57-month sentence, but not as to his six-month revocation sentence, which will be reviewed for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

Mendez argues that a presumption of reasonableness should not apply to his within-guidelines sentence because U.S.S.G. § 2L1.2 is "penologically flawed" due to, inter alia, the fact that his 16-level enhancement was not based on empirical evidence or study. Mendez concedes that this issue is foreclosed, and he asserts that he is raising it to preserve it for further appellate review. As Mendez concedes, this issue is foreclosed. *See Mondragon-Santiago*, 564 F.3d at 367.

Mendez also argues that the 16-level increase in his offense level "overpunishe[d]" him for a "garden-variety prior alien-transporting offense, where apparently no one was injured." He contends that the length of his aggregate 63-month sentence is particularly unjust given that he only returned to the United States to retrieve his daughter from the custody of his ex-girlfriend.

Because Mendez's 57-month sentence for being unlawfully found in the United States was within the guidelines range and because Mendez has not shown that the district court did not give proper weight to the Guidelines and the 18 U.S.C. § 3553(a) sentencing factors, his sentence was presumptively reasonable and entitled to great deference. *See Campos-Maldonado,* 531 F.3d at 338. Mendez has not rebutted this presumption, and thus he has not shown that the district court abused its discretion in sentencing him to 57 months of imprisonment. *See Gall*, 552 U.S. at 51. Likewise, he has not shown that the district court committed plain error in sentencing within the recommended

guidelines range for the revocation of his supervised release.  *See* U.S.S.G. § 7B1.3(f); *Whitelaw*, 580 F.3d at 259-60.

AFFIRMED.